United States District Court
Southern District of Texas
**ENTERED**
July 28, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL OJEGBA AGBONIFO, | § | |
| (Reg. #14675479) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-1872 |
| | § | |
| MATTHEW S. BOYDEN, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM ON DISMISSAL

Michael Ojegba Agbonifo, a former inmate of the Joe Corley Detention Facility, sued in June 2017, alleging civil rights violations resulting from a denial of due process. Agbonifo, proceeding pro se and in forma pauperis, sued Matthew S. Boyden, United States Postal Inspector.

The threshold issue is whether Agbonifo's claims are premature. The court concludes that Agbonifo's lawsuit should be stayed and administratively closed until further notice.

Agbonifo states that on September 16, 2016, officers with the Houston Police Department arrested him. Agbonifo was initially placed in an HPD van. Boyden removed Agbonifo from the van and placed him the front passenger seat of his gray SUV. Agbonifo alleges that Boyden drove Agbonifo to Agbonifo's apartment. Agbonifo asserts that Boyden sexually assaulted him and conducted an illegal search of his apartment. Agbonifo claims that Boyden then drove Agbonifo to an office where he coerced Agbonifo to sign a document in which he consented to the search of his apartment.

Agbonifo asserts that he is being illegally detained pursuant to an indictment in Criminal Case Number 4:16-00462-1, in which he was charged with wire fraud, conspiracy to commit wire

fraud, aggravated identity theft, passport fraud, and visa fraud. In a lengthy statement attached to his complaint, Agbonifo complains that evidence was fabricated and made the basis of the false charges against him. Court records show that on April 28, 2017, this court granted an agreed motion to commit Agbonifo to the custody of the Attorney General for a reasonable time until Agbonifo regains the capacity to litigate this criminal action.

A federal court has the authority to dismiss a complaint in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

> [To recover damages for an allegedly] unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok,* 520 U.S. 641 (1997)).

Agbonifo has been charged in this court with wire fraud, conspiracy to commit wire fraud, aggravated identity theft, passport fraud, and visa fraud. Agbonifo's allegations of an illegal search and fabricated evidence, would, if true, necessarily implicate the validity of these charges and any potential convictions. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Several circuits have held that *Heck* bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[1] In considering this issue, the Fifth Circuit reasoned:

---

[1] Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. N.Y.C.*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).

The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Brown v. Taylor,* 139 F. App'x 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Where it remained unclear whether Brown had been tried or convicted on those charges, the Fifth Circuit stated that the district court should have stayed the instant action until the pending criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson,* 47 F.3d 744, 746 (5th

Cir. 1995)).[2]

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Wallace,* 549 U.S. at 394 (citing *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)); *Heck,* 512 U.S. at 487.

Because court records reflect that Agbonifo's criminal case remains pending, the court must stay and close this civil case until his federal criminal proceedings are completed. The action filed by Michael Ojegba Agbonifo (Reg. #14675479) is premature. The Clerk must stay and close this case for administrative purposes until further notice. Agbonifo must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the federal criminal case is completed.

Agbonifo's motion to proceed in forma pauperis, (Docket Entry No. 2), is DENIED without prejudice to reconsideration upon reinstatement of this action.

SIGNED at Houston, Texas, on _July 27_, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

2

*See also Busick v. City of Madison, Miss.,* 90 F. App'x 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff).